IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MORGAN MIRANDA,

      Plaintiff,

v.                                                                            CIV. No. 18-05 JAP/JHR

JAIME MIRANDA,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On January 3, 2018, the *pro se* Plaintiff filed her Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1) ("Complaint") and her Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) ("Application"). For the reasons stated below, the Court will **DISMISS** this case **without prejudice** and **DENY** Plaintiff's Application as moot.

Plaintiff alleges that Defendant, who is her ex-husband, took out school loans before they married and that "Sallie Mae lied and put me as borrower and him as co-signer." Defendant is not paying off his loans, which is hurting Plaintiff's credit. By either court order or settlement agreement in state district court, Defendant was to have Plaintiff's name removed from his school loans. *See* Complaint at 2, 4. Plaintiff seeks an order from this Court that her name be removed from Defendant's school loans.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

The Court sua sponte determines that it does not have jurisdiction. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). Plaintiff is a citizen of New Mexico and alleges that Defendant is also a citizen of New Mexico. *See* Complaint at 1. Consequently, there is no properly alleged diversity jurisdiction. Nor is there any properly alleged federal question jurisdiction because there are no allegations that this action arises under the Constitution, laws, or treaties of the United States.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice** and that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED as moot.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**